IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSH BRADY,

      Plaintiff,                   No. CIV S-10-1658 FCD DAD P

    vs.

MARSH, et al.,

      Defendants.         ORDER

_____/

      Plaintiff is an inmate confined at the Solano County Jail and is proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**PLAINTIFF'S IN FORMA PAUPERIS APPLICATION**

      Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $23.00 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate

1

agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In his brief complaint, plaintiff alleges that the Solano County Jail does not provide Jewish religious services or a kosher diet to inmates. Plaintiff claims that this

deprivation violates his First Amendment rights.  Accordingly, in terms of relief, plaintiff seeks monetary damages and an injunction requiring the Solano County Jail to provide inmates with Jewish religious services and a kosher diet.  (Compl. at 3.)

## DISCUSSION

The allegations of plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  In this regard, plaintiff must allege, with at least some degree of particularity, overt acts which each defendant engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a), the complaint must be dismissed.  The court will, however, grant plaintiff leave to file an amended complaint.

If plaintiff elects to file an amended complaint in this action, he is advised of the following legal standards that govern the claims he is apparently attempting to present.  First, as an initial matter, plaintiff must link the actions of each named defendant with the alleged constitutional violation.  Plaintiff cannot simply list defendants, as he does in his complaint.  Unless plaintiff alleges facts demonstrating an affirmative link or connection between each defendant's actions and the claimed deprivation, there can be no liability under 42 U.S.C. § 1983.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

One's First Amendment "right to exercise religious practices and beliefs does not terminate at the prison door."  McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987).  However, plaintiff is advised that in order to trigger the protections of the Free Exercise Clause of the First Amendment, he must allege and show that his belief is "sincerely held" and his needs are "rooted in religious belief."  Shakur v. Schriro, 514 F.3d 878, 884 (9th Cir. 2008) (citations omitted).  Thus, if plaintiff decides to pursue this claim in his amended complaint, he should allege facts

4

indicating whether he practices the Jewish faith and whether religious services and a kosher diet are needs rooted in his religious belief.

Third, plaintiff is advised that the allegations in his complaint may implicate the Religious Land Use and Institutionalized Persons Act (RLUIPA). See 42 U.S.C. § 2000cc-1(a). Under RLUIPA, the government may not impose "a substantial burden on the religious exercise of a person residing in or confined to an institution." Id. Therefore, if plaintiff wishes to pursue a RLUIPA claim in his amended complaint, he should allege facts demonstrating that the denial of Jewish religious services and a kosher diet constitute a "substantial burden" on his faith. See, e.g., Warsoldier v. Woodford, 418 F.3d 989 (9th Cir. 2005).

Finally, plaintiff is advised that the court cannot refer to his original complaint to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, the amended complaint supercedes the original complaint, which no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, plaintiff must sufficiently allege each claim and the involvement of each defendant in any amended complaint he elects to file.

**OTHER MATTERS**

Also pending before the court is plaintiff's motion filed September 1, 2010, seeking to add Mr. Benjamin Stickel as a second plaintiff to this action. (Doc. No. 7.) In this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other prison facilities, the changes in address which occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other. Therefore, the court will deny plaintiff's motion to add another plaintiff to this

/////
/////
/////

action.[1]

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's July 29, 2010 application to proceed in forma pauperis (Doc. No. 6) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint (Doc. No. 1) is dismissed;

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint;" failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice;

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action; and

6. Plaintiff's September 1, 2010 motion to add another plaintiff to this action (Doc. No. 7) is denied.

DATED: September 22, 2010.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
brad1658.14

---

[1] Of course, Mr. Stickel may commence his own § 1983 action in this court by filing a complaint as required by Federal Rule of Civil Procedure 3 and by either paying the filing fee or submitting an application to proceed in forma pauperis.